BRISCOE, Circuit Judge,
concurring:
I join fully in Parts I, II.A, II.B.l, II.C, and III of the majority’s opinion. I also agree with the result reached in Part II. B.2 of the majority’s opinion, but write separately because my reasoning with re *1334 gard to the issue discussed therein differs substantially from the majority’s.
As the majority notes in Part II.B.2 of its opinion, CNE claims that the Forest Service violated the Endangered Species Act (ESA) by failing, after the relevant forage-utilization standards were allegedly violated, to reinitiate consultation with the Fish and Wildlife Service (FWS). CNE bases its claim exclusively on the language of 50 C.F.R. § 402.16. That regulation, entitled “Reinitiation of formal consultation,” reads as follows:
Reinitiation of formal consultation is required and shall be requested by the Federal agency or by the Service, where discretionary Federal involvement or control over the action has been retained or is authorized by law and:
(a) If the amount or extent of taking specified in the incidental take statement is exceeded;
(b) If new information reveals effects of the action that may affect listed species or critical habitat in a manner or to an extent not previously considered;
(c) If the identified action is subsequently modified in a manner that causes an effect to the listed species or critical habitat that was not considered in the biological opinion; or
(d) If a new species is listed or critical habitat designated that may be affected by the identified action.
Both the title and body of the regulation make abundantly clear that it applies only in circumstances where formal consultation has already occurred. In particular, the regulation’s use of the word “reinitiation” clearly implies that “initiation” of formal consultation has previously occurred. Likewise, the references in subsections (a) and (c) of the regulation to “incidental take statements” and “biological opinions,” both of which are products of the formal consultation process, clearly imply that formal consultation has previously occurred.
Given this interpretation of the regulation, CNE’s “reconsultation” claim necessarily must fail. When the Forest Service issued its Biological Assessment in 1998, it concluded that, with certain grazing management steps in place, the revised Allotment Management Plan (AMP) “ ‘m[ight] effect’ but [wa]s ‘not likely to adversely affect’ the [Preble’s mouse] or its habitat.” Aplees. Jt. Supp. App. Vol. 4 at 842. In light of this conclusion, the ESA merely required the Forest Service to “informally consult” with the FWS, which it did (and the FWS agreed with the Forest Service’s conclusion). In other words, the Forest Service was not required by the ESA to, and in fact did not, “formally consult” with the FWS. Thus, since formal consultation was never initiated regarding the revised AMP (and no biological opinion was ever issued by the FWS), § 402.16 is inapplicable here.